## THE REED BROS. DREDGE NO. 1.

### (District Court, S. D. New York. March 2, 1905.)

MARITIME LIENS—REPAIRS MADE ON ORDER OF OWNER.

There is no lien on a vessel for repairs made in a foreign port on the order of the owner, not the master, in the absence of an agreement therefor, even though the person making them relied on the credit of the vessel.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Maritime Liens, § 46.]

In Admiralty. Suit in rem to enforce lien for repairs.

Powell & Cady, for libellant.

Henry W. Baird and Martin A. Ryan, for claimant.

ADAMS, District Judge. This action was brought by the Coulter & McKenzie Machine Company against the Reed Brothers' Dredge No. 1, to recover the balance of an amount incurred for repairs at Bridgeport, Connecticut, in March and April, 1903. There is no question about the work having been done. The action is defended upon the ground that there was no lien.

It appears that the dredge belonging in New York was being used in the harbor of Bridgeport and was repaired by the libellant to the extent of $441.28 in that harbor at the instance of the owners. In April, 1903, a payment of $50 was made and in April of 1904, a further payment of $150, leaving due the sum of $241.28, for which a lien on the dredge is now claimed. The arrangements for the work were made between the Vice President and Treasurer of the libellant and Reed Brothers, who were in Bridgeport in advance of the arrival of the dredge, but nothing was said about a lien.

The work was done in a foreign port, and if it had been contracted for by the master of the vessel, would have made a prima facie case of a lien but the libellant's difficulty is, that it contracted with the owners, without making any arrangement for a lien and the fact that no lien was contemplated is shown, to some extent, by the two payments made by the owners as appears above. No lien can be sustained under the circumstances of this case. It would not matter if the libellant intended to rely upon the credit of the dredge, of which the charge in their books is but slight evidence. The Samuel Marshall, 54 Fed. 396, 403, 4 C. C. A. 385; The Iris, 100 Fed. 104, 40 C. C. A. 301; Prince v. Ogdensburg Transit Company (C. C.) 107 Fed. 978. It has been said by the Circuit Court of Appeals for this circuit on the question of lien, in The George Farwell, 103 Fed. 882, 883, 43 C. C. A. 373:

"(5) Where supplies and repairs are ordered in a foreign port, not by the master, but by the owner, there must be some affirmative evidence to show that the credit of the ship was pledged as security for payment."

Libel dismissed.